UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHOMAS T. WINSTON,

        Petitioner,

v.                                           Case No. 18-cv-1938-pp

RANDALL R. HEPP,

        Respondent.

---

**ORDER DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR EVIDENTIARY HEARING (DKT. NO. 9), DENYING PETITIONER'S SECOND MOTION FOR ACCESS TO RELEASE ACCOUNT (DKT. NO. 10), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION FOR DISCOVERY (DKT. NO. 13), DENYING WITHOUT PREJUDICE PETITIONER'S MOTION TO APPOINT COUNSEL (DKT. NO. 14) AND DENYING PETITIONER'S MOTION FOR RELEASE PENDING *HABEAS CORPUS* RELIEF (DKT. NO. 20)**

---

Shomas T. Winston, representing himself, filed a petition for writ of *habeas corpus* challenging his September 8, 2004 convictions in Milwaukee County Circuit Court of first-degree intentional homicide and armed robbery. Dkt. No. 1. He simultaneously filed motions for leave to proceed without prepayment of the filing fee and for an order allowing him access to his release account. Dkt. Nos. 3, 5. Magistrate Judge Nancy Joseph granted his motion to proceed without prepayment of the filing fee, denied as moot his motion to authorize payment from his release account, and ordered the respondent to answer or otherwise respond to the petition. Dkt. No. 7. Before the respondent responded, the petitioner filed a flurry of motions: (a) for an evidentiary hearing, dkt. no. 9; (b) a second motion to access his release account, dkt. no.

1

10; (c) for discovery, dkt. no. 13; and (d) to appoint counsel, dkt. no. 14. On March 13, 2019, the respondent filed a motion to dismiss, dkt. no. 18, and the petitioner followed with a motion for release while his petition is pending, dkt. no. 20. The petitioner's motions are premature and he has not established a basis for his release at this time. This order denies the petitioner's pending motions; the court will issue a separate order addressing the respondent's motion to dismiss.

**I.  Background**

On July 23, 2004, a jury found the petitioner guilty of first-degree intentional homicide and armed robbery. State v. Winston, Milwaukee County Circuit Court, Case No. 03CF006686 (available electronically at https://wcca.wicourts.gov). The Milwaukee County Circuit Court judge sentenced the petitioner to life in prison on September 7, 2004. Id. The clerk entered judgment the next day. Id.

With the assistance of appointed counsel, petitioner raised ineffective assistance of counsel claims, challenged the sufficiency of the sentence and objected to the sentence in a postconviction motion and a direct appeal. State v. Winston, Wisconsin Court of Appeals, Case No. 2005AP000923 (available electronically at https://wscca.wicourts.gov). The circuit court denied postconviction relief. Id. On June 27, 2006, the Wisconsin Court of Appeals affirmed the judgment and order denying relief. Id. The petitioner did not file a petition for review with the Wisconsin Supreme Court. Dkt. No. 1 at 2-3.

In February of 2008, the petitioner filed a petition for writ of *habeas corpus* in the Wisconsin Court of Appeals. Dkt. No. 1 at 3. The court denied the petition *ex parte* on March 5, 2008. Id. The Wisconsin Supreme Court denied review on August 18, 2008. State v. Winston, Wisconsin Court of Appeals, Case No. 2008AP000332 (available electronically at https://wscca.wicourts.gov).

On January 27, 2009, the petitioner filed a motion for new trial under Wis. Stat. §974.06, challenging the effectiveness of his post-conviction counsel. Dkt. No. 2-1 at 7. The trial court denied the motion on March 23, 2009, and the Wisconsin Court of Appeals later affirmed the order. Id. at 12, 13. The Wisconsin Supreme Court denied review on September 27, 2011. State v. Winston, Wisconsin Court of Appeals, Case No. 2009AP000887 (available electronically at https://wscca.wicourts.gov).

The petitioner filed a second motion for new trial on September 7, 2012. Dkt. No. 1 at 4. After the circuit court denied his motion, he appealed but later moved to voluntarily dismiss the appeal on December 20, 2013. State v. Winston, Milwaukee County Circuit Court, Case No. 03CF006686 (available electronically at https://wcca.wicourts.gov). The state court docket shows that the petitioner voluntarily dismissed his appeal so the Wisconsin Innocence Project could file a DNA motion. Id. (1-31-2014 docket entry). The state court record reflects that the defendant and the government entered a stipulation for DNA testing at the defendant's expense on March 24, 2014. Id.

On November 23, 2016, the petitioner filed a third motion for new trial.[1] Dkt. No. 2-1 at 1. The trial court denied the motion on November 30, 2016, and the Wisconsin Court of Appeals summarily affirmed the decision on May 31, 2018. Id. at 2-3. The petitioner's motion argued that his discovery of an old police report of an armed robbery and murder committed by someone named "Wallstreet" outside a check cashing store two years prior to the petitioner's offense date constituted newly discovered evidence warranting a new trial. The Wisconsin Court of Appeals rejected the motion as meritless and as procedurally barred. Dkt. No. 2-1 at 4-5. The Wisconsin Supreme Court denied his petition for review on November 13, 2018. Dkt. No. 2-1 at 6.

The petitioner filed this petition on December 7, 2018, alleging actual innocence, denial of his constitutional right to a fair and impartial jury, and denial of his constitutional right to effective assistance of counsel. Dkt. No. 1 at 5-9.

**II.    Motion for Evidentiary Hearing (Dkt. No. 9)**

A month and a half before the deadline for the respondent to answer the petition, the petitioner filed a motion asking the court to schedule an evidentiary hearing under 28 U.S.C. §2254(e) because his state trial counsel had not fully developed the record in the state court on the issue of seating a jury. Dkt. No. 9 at 1-2. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts says that, if a court does not dismiss a

---

[1] The Wisconsin Court of Appeals referred to this as a "fourth motion for a new trial". This court assumes this is actually a third motion for a new trial, but does not have the benefit of a complete record at this early stage.

4

*habeas* petition, it must review all the materials submitted and determine whether it believes there is a need for an evidentiary hearing. In cases where a petitioner did not develop fully the factual basis of his claim in state court, the federal court "shall not hold an evidentiary hearing on the claim" unless (a) the claim relies on a new rule of constitutional law that wasn't available at the time of the state court proceedings, or on facts that could not previously have been discovered even through diligent effort, and (b) the facts supporting the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. §2254(e)(2). This is a heavy burden to meet.

The court will deny this motion without prejudice as premature. The respondent has filed a motion to dismiss the petition as untimely. Before the court addresses the merits of the petition and the need for an evidentiary hearing, it needs to address the respondent's claim that the petition was not timely filed. If the court concludes that the petition was timely filed, it will give the parties the opportunity to brief the petition. Once the petition is fully briefed, the court will consider the pleadings and other documents and will decide whether an evidentiary hearing is warranted under the rules and the statute.

### III. Motion for Access to Release Account (Dkt. No. 10)

Judge Joseph denied the petitioner's motion for access to his release account after granting him leave to proceed without prepaying the $5 filing fee. Dkt. No. 7 at 1-2. The petitioner maintains, however, he will not be able to

5

sustain the cost of this litigation and pursue his actual innocence claim without access to his release account. Dkt. No. 10 at 2. He argues the interests of justice require the court to order the institution to give him access to his account; alternatively, he suggests that the court could "sua sponte" appoint a lawyer to represent him and stay the proceedings until he is able to file a motion for appointment of counsel. Id.

The Prison Litigation Reform Act requires inmate plaintiffs to pay an initial partial filing fee, with the balance of the filing fee coming from the inmate's prison trust account. 28 U.S.C. §1915(b)(1). In Wisconsin, a "release account" is "a prison account that contains funds generally available to the inmate only upon his release from prison." Kennedy v. Huibregtse, 831 F.3d 441, 442 (7th Cir. 2016) (citing Wis. Admin. Code DOC §§309.02(18), 309.466(2)). "Although [federal courts] can order disbursement from the release account for payment of the initial partial filing fee, the PLRA does not require the Court to invade that account for payment of the balance [of the filing fee]." Wilson v. Anderson, Case No. 14-c-798-WCG, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014). Wisconsin state courts "have . . . permitted prisoner to use their release accounts to satisfy various litigation costs, not just to pay the filing fee." Czapiewski v. Thomas Doe, Case No. 16-cv-426-LA, 2016 WL 1733456, at *1 (E.D. Wis. April 29, 2016). But federal courts have not done the same. Id. "[T]hat distinction is justified by the textual differences between the Wisconsin PLRA and the federal PLRA." Id. at 2. Federal courts in this district do not "interfere in the administration of Wisconsin state prisons in this

6

manner, particularly when any such intervention may likewise interfere with the policies of 'aid[ing] the inmate's reintegration into the community' and 'reimburs[ing] the department for incarceration costs,' which are the purposes of the release account." Id.

The court will deny the petitioner's motion to order the institution to allow him access to his release account to pay the costs of this litigation.

## IV.     Motion for Discovery (Dkt. No. 13)

The petitioner seeks discovery because "no reasonable jury would have voted to find Winston guilty in light of newly discovered evidence by the Wisconsin Innocence Project, being a third party's actual identity and past criminal history." Dkt. No. 13 at 4. He argues that discovery will allow him to show actual bias. Id. at 2.

Unlike other civil litigants in federal court, a *habeas* petitioner is not entitled to discovery as a matter of course. Higgason v. Lemmon, 6 Fed. App'x 433, 436 (7th Cir. 2001) (citing Bracy v. Gramley, 520 U.S. 899, 904 (1997)). Rule 6 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 "permits federal judges, in their discretion, to allow a petitioner to invoke the rules of discovery upon a showing of good cause." Id. Where specific allegations convince the court that a *habeas* petitioner will be entitled to relief if the facts are fully developed, the court has a duty to provide "the necessary facilities and procedures for an adequate inquiry". Bracy, 520 U.S. at 908-09 (quoting Harris v. Nelson, 394 U.S. 286, 300 (1969)). But "[t]he factual allegations . . . must not

be speculative or conclusory because discovery is not intended to be a fishing expedition." Id. (citation omitted).

The petitioner has not shown good cause for discovery at this early stage. The respondent's motion to dismiss alleges that the petitioner did not timely raise issues that he previously litigated in state court. As noted in relation to the petitioner's motion for an evidentiary hearing, the court will decide that question first. If the petition survives the motion to dismiss, the court will review the briefing on the petition and determine whether discovery is warranted.

## V.     Motion to Appoint Counsel (Dkt. No. 14)

The petitioner argues he needs counsel to develop his claim of juror bias. Dkt. No. 14 at 1. One of the jurors, the petitioner claims, was never "further questioned during *voir dire*" about being the petitioner's former high school teacher. Id.

There is no statutory or constitutional right to court-appointed counsel in federal civil litigation. Pruitt v. Mote, 503 F.3d 647 (7th Cir. 2007). This is particularly true in *habeas* cases; "[a] litigant is not entitled to appointed counsel in a federal postconviction proceeding." Taylor v. Knight, 223 Fed. App'x 503, 504 (7th Cir. 2007) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)); Powell v. Davis, 415 F.3d 722, 727 (7th Cir. 2005). The Criminal Justice Act gives a district court the discretion to appoint counsel if "the interests of justice so require." 18 U.S.C. §3006A(a)(2)(B)).

8

The interests of justice do not require the court to appoint counsel for the petitioner at this point. The legal, factual and practical difficulties of the petitioner's *habeas* petition do not exceed his capacity to coherently litigate his case. The petitioner has demonstrated that he can prepare and respond to court filings and motions on his own behalf. The petitioner successfully filed not only a *habeas* petition with an accompanying legal brief, but also a motion for leave without prepaying the filing fee, a motion for order allowing access to his release account, a motion for an evidentiary hearing, a motion for discovery, this motion and a motion for release pending the outcome of his *habeas* petition. He has filed a brief in opposition to the respondent's motion to dismiss. Dkt. No. 20. The petitioner's communications with the court show that he can express himself, and describe the circumstances of his case. Nor are the legal issues and factual circumstances involved in the petitioner's *habeas* petition complex at this stage—the only issue pending is the question of whether his petition was timely.

The court will deny the motion without prejudice; the petitioner may renew it if the case reaches a stage where he believes it is too complex for him to handle on his own.

**VI. Motion for Release Pending *Habeas Corpus* Relief (Dkt. No. 20)**

In his motion for release pending §2254 relief, the petitioner asks the court to release him because he has no history of bail jumping or violence and because he believes that he presents no danger to the community if he is released. Dkt. No. 20 at 1-2. The petitioner argues the court should order his

9

release because there is a chance he will meet his *habeas* burdens for each of his claims. Id. at 2.

"There is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases but a power to be exercised very sparingly." Knowlin v. Pollard, Case No. 19-cv-261-pp, 2019 WL 4565552, at *5 (E.D. Wis. Sept. 10, 2019) (quoting Cherek v. United States, 767 F.2d 335, 337 (7th Cir. 1985)); see Kramer v. Jenkins, 800 F.2d 708, 709 (7th Cir. 1986) (interpreting Cherek to allow federal district judges to admit bail to both state and federal petitioners); Bolante v. Keisler, 506 F.3d 618, 620 (7th Cir. 2007). But to obtain bail pending a decision on a *habeas* petition, a petitioner must show "not only a substantial federal claim that presents not merely a clear case on the law, but a clear, and readily evident, case on the facts." Bergmann v. McCaughtry, 857 F. Supp. 640, 641 (E.D. Wis. 1994) (quoting Pethtel v. Attorney Gen. of Ind., 704 F. Supp. 166, 169 (N.D. Ind. 1989)). He also must "establish the existence of some circumstance which makes the request for bail exceptional and deserving of special treatment in the interest of justice." Id. "'[H]abeas petitioners are rarely granted release on bail pending disposition' of their petition." Id.

Release pending §2254 relief is not appropriate in this case. As the court has noted twice now, there is a pending motion to dismiss the petition alleging that it was untimely filed. If the court concludes that the petition was untimely filed, the petitioner will not be entitled to relief on his claims. Even if the court

concludes that the petition was timely filed, he faces a high hurdle in prevailing on the substantive claims in the petition. And the petitioner has not established the existence of any circumstances that make his request exceptional or deserving of special treatment.

The court will deny the motion.

## VII. Conclusion

The court **DENIES WITHOUT PREJUDICE** petitioner's motion for evidentiary hearing. Dkt. No. 9.

The court **DENIES** the petitioner's second motion for access to release account to prosecute petition for writ of *habeas corpus.* Dkt. No. 10.

The court **DENIES WITHOUT PREJUDICE** the petitioner's motion for discovery. Dkt. No. 13.

The court **DENIES WITHOUT PREJUDICE** petitioner's motion to appoint counsel. Dkt. No. 14.

The court **DENIES** petitioner's motion for release pending *habeas corpus* relief. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 25th day of September, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
