UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHOMAS T. WINSTON,

        Petitioner,

v.                                          Case No. 18-cv-1938-pp

RANDALL R. HEPP,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION (DKT. NO. 31) AND GRANTING PETITIONER'S MOTION FOR LEAVE TO APPEAL WITHOUT PREPAYING FILING FEE (DKT. NO. 38)**

On March 30, 2020, the court granted the respondent's motion to dismiss the petition, dismissed it as untimely under 28 U.S.C. §2244(d)(1)(A) and declined to issue a certificate of appealability. Dkt. No. 28. The court entered judgment the same day. Dkt. No. 29. Two days later, the petitioner requested "preparation of certificate of appealability." Dkt. No. 30. The next day, the court received a motion from the petitioner, asking the court to reconsider its ruling. Dkt. No. 31. On April 13, 2020, the petitioner filed a notice of appeal of the judgment and the court's order dismissing his case. Dkt. No. 32. Soon after, he filed a second notice of appeal. Dkt. No. 37. On April 22, 2020, the petitioner filed a motion for leave to appeal without prepaying the filing fee, dkt. no. 38, and his prisoner trust fund account statement, dkt. no. 39.

1

## I. Motion for Reconsideration (Dkt. No. 31)

### A. Background

On December 7, 2018, the petitioner filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254 challenging his 2004 conviction in Milwaukee County Circuit Court for first-degree intentional homicide and armed robbery. Dkt. No. 1 at 1. The respondent filed a motion to dismiss the petition on March 13, 2019, arguing that the petition was time-barred because it was filed more than a year after the petitioner's conviction became final. Dkt. No. 18 at 1. On March 30, 2020, the court granted the motion to dismiss. Dkt. No. 28. As the court explained, it dismissed "[b]ecause the *habeas* petition was not timely filed and because the petitioner [] ha[d] not met the demanding standard for a gateway claim of actual innocence." Id. at 1. In rejecting the petitioner's actual innocence argument, the court found that none of the evidence that the petitioner had provided "[was] the sort of reliable evidence strong enough to undermine the court's confidence in the outcome of the trial." Id. at 15. The court declined to issue a certificate of appealability. Id. at 20.

On April 2, 2020, the petitioner filed a document captioned as a "motion for reconsideration decision to deny and/or dismiss petitioner's habeas corpus petition." Dkt. No. 31. The petitioner states that his motion is "based on the court's manifest error in failing to recognize controlling precedent of actual innocence as a gateway." Id. at 1. He stresses that he "raised his claims under [the] actual innocence exception to procedural default because [of the] revelation of newly discovered evidence." Id. The petitioner argues that the

Schlup standard "only requires a court to consider if it is or is not more likely than not that no reasonable jury would've convicted [the] petitioner in light of any evidence that is new." Id. at 2 (citing Schlup v. Delo, 513 U.S. 298, 327 (1995)).

The motion reiterates the arguments from the petition; the petitioner rehashes the factual claims regarding James Green, Taquita Hodges, Jerry Lee, "Wallstreet," Ruby Adams, Andrae Harris, Jerome Whitehead, the jury, the lead detective and his counsel. Id. at 2-7. He asserts that the court should "reconsider [its] decision and recognize that he does not have to present a 'smoking gun' as [the court] stated he failed to do in [its] March 30, 2020 decision." Id. at 7 (citing dkt. no. 28 at 7-10). He alleges that the court erred by "placing [an] extremely high hurdle for the petitioner to overcome that the actual innocence gateway standard does not require." Id.

    B.    Standards

        1.    *Subject-Matter Jurisdiction*

The petitioner filed a notice of appeal on April 13, 2020. Dkt. No. 32. Generally, "[t]he filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982); see also United States v. Taylor, 796 F.3d 788, 791 (7th Cir. 2015). But the petitioner also had filed a motion for reconsideration on April 2, 2020—three

3

days after the court entered judgment and almost two weeks before he filed the notice of appeal. Federal Rule of Appellate Procedure 4(a)(4) provides that

> [i]f a party files a notice of appeal after the court announced or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). Two of the motions listed in Rule 4(a)(4)(A) are motions under Rule 59(e) or Rule 60(b), both vehicles for asking courts to reconsider prior decisions. Under Fed. R. App. P. 4(a)(4)(B)(i), then, this court retains jurisdiction to decide the motion for reconsideration despite the filing of the notice of appeal.

### 2. *Motion for Reconsideration*

"Motions to reconsider are not explicitly provided for in the Federal Rules of Civil Procedure . . . , but filing them is a common practice in many district courts . . . ." Entertainment USA, Inc. v. Moorehead Communications, Inc., 897 F.3d 786, 795 (7th Cir. 2018). If a motion to reconsider challenges the merits of the district court's ruling, the Seventh Circuit has said that the district court must analyze it either as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) or a motion for relief from judgment under Rule 60(b). Mares v. Busby, 34 F.3d 533, 535 (7th Cir. 1994) (quoting United States v. Deutsch, 981 F.2d 299, 300 (7th Cir. 1993)). Rule 59(e) allows a court to alter or amend a judgment if the party files the motion "no later than 28 days after the entry of the judgment." Rule 60(b) is available where a movant files within a "reasonable amount of time" after final order of judgment.

4

The petitioner filed the motion to reconsider three days after the court entered final judgment; his motion was timely under both Rule 59(e) and Rule 60(b) and the court will analyze the motion under both rules.

"Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or of fact. Harrington v. City of Chi., 433 F.3d 542, 546 (7th Cir. 2006) (citing Bordelon v. Chi. Sch. Reform Bd. of Trs., 233 F.3d 524, 529 (7th Cir. 2000)). Under Rule 59(e), "[a] 'manifest error' is not demonstrated by the disappointment of the losing party;" it "is the 'wholesale disregard, misapplication or failure to recognize controlling precedent.'" Rhodes v. McKenzie, No. 12-C-452, 2018 WL 3596045, at *1 (E.D. Wis. July 26, 2018) (quoting Oto v. Metro Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000)). "Newly discovered evidence" is evidence that was discovered after the trial or decision that is material, not merely cumulative or impeaching and such that a new trial probably would result. Cincinnati Life Ins. v. Beyrer, 722 F.3d 939, 955 (7th Cir. 2013) (citation omitted).

Rule 60(b) allows a party to pursue relief from an "order" for any of six enumerated reasons, including mistake, inadvertence, newly discovered evidence, fraud, or any other reason that justifies relief. Fed. R. Civ. P. 60(b).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." Ahmed v. Ashcroft, 388 F.3d 247, 249 (7th Cir. 2004) (quoting Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90

5

F.3d 1264, 1270 (7th Cir. 1986)). A motion to reconsider "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to [the decision to be reconsidered]." Woods v. Resnick, 725 F. Supp. 2d 809, 825 (W.D. Wis. July 16, 2010) (quoting United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010)).

C. Analysis

The petitioner has not demonstrated that the court's March 30, 2020 decision dismissing the petition arose from or resulted in any manifest error of law or fact. Nor has he demonstrated mistake, inadvertence, newly discovered evidence, fraud or any other reason that would justify relief under Rule 60(b). The petitioner has not identified any newly discovered evidence. The court's March 30, 2020 order dismissing the petition addressed all the evidence the petitioner discusses in his motion for reconsideration. See Dkt. No. 28.

The petitioner argues that the court misapplied the standard for actual innocence claims outlined in Schlup, 513 U.S. at 327. The court did not, however, apply a "smoking gun" standard, as the petitioner alleges. Dkt. No. 31 at 7. In fact, the court stated that it was the *petitioner* who believed he'd presented the court with a "smoking gun," and the court responded that the evidence that the petitioner offered was "not the 'smoking gun' evidence the petitioner believe[d] it to be;" the court found that the evidence "did not exonerate the petitioner," was "not the 'exculpatory scientific evidence,

6

trustworthy eyewitness accounts, or critical physical evidence' necessary to pursue a gateway claim of actual innocence," and "[did] not meet the demanding standard of showing that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." Dkt. No. 28 at 17 (citing Schlup, 513 U.S. at 324).

The court will deny the motion to reconsider.

## II. Motion for Leave to Appeal Without Prepaying the Filing Fee (Dkt. No. 38)

The petitioner asks the court to waive the requirement that he prepay the $505 appellate filing fee. Dkt. No. 38. Along with his motion, the petitioner filed his trust account statement that reflected a starting balance $0.05 and an ending balance of $0.00. Dkt. No. 39.

Under Federal Rule of Appellate Procedure 24(a)(3), a district court may allow an appellant to proceed without prepaying the filing fee if it finds the appellant to be indigent and the appeal to be taken in good faith. Fed. R. App. P. 24(a)(3). Because the Prison Litigation Reform Act does not apply to *habeas* cases, Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000), the court decides whether a *habeas* appellant is indigent by relying on the information the petitioner provides in his affidavit of indigence. See Martin v. United States, 96 F.3d 853, 855-56 (7th Cir. 1996). The petitioner's affidavit of indigence states that he has no source of income, no employment history and no assets. Dkt. No. 38 at 2-7. The court finds that the petitioner cannot pay the $505 filing fee.

As for good faith, district courts should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d

7

437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involved "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also, Coppedge v. United States, 369 U.S. 438, 445 (1962). Although the court declined in its March 30, 2020 order to issue a certificate of appealability, the Seventh Circuit has warned district courts against conflating the good faith and certificate of appealability standards; declining to issue a certificate of appealability "is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding." Walker v. O'Brien, 216 F.3d 626, 634 (7th Cir. 2000). "To determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Id. On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The March 30, 2020 order dismissed the petition as time-barred and concluded that the petitioner did not meet the actual innocence standard. He is appealing that decision. Nothing in the petitioner's motion to reconsider convinces the court that the petition is not time-barred or that he has met the actual innocence standard. The court concedes, however, that the Seventh

8

Circuit might view things differently. The court will grant the petitioner's motion for leave to proceed without prepaying the filing fee.

### III. Conclusion

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 31.

The court **GRANTS** the petitioner's motion for leave to appeal without prepaying the filing fee. Dkt. No. 38.

Dated in Milwaukee, Wisconsin this 5th day of August, 2020.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**